IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY RITTER and SHAMIM RITTER,

    Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

No. C 17-02919 JSW

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Now before the Court is the motion filed by Defendant JPMorgan Chase Bank, N.A. ("Chase") to dismiss. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Chase's motion to dismiss with leave to amend.

**BACKGROUND**

Plaintiffs Terry and Shamim Ritter ("Plaintiffs"), owners of the real property located at 2652 Sabercat Court in Fremont, California, bring this action for reformation of contract based on unilateral and mutual mistake. On July 30, 2002, Plaintiffs executed a Deed of Trust in favor of Washington Mutual Bank secured by the real property in the amount of $2,300,000. Thereafter, in September 2008, Chase entered into a Purchase and Assumption Agreement with Washington Mutual Bank wherein Chase acquire Plaintiffs' loan. (First Amended Complaint ("FAC") ¶ 7.) Since the date of purchase, Plaintiffs have occupied the property as their principal residence.

From 2008 to 2009, Plaintiffs experienced some financial hardships that made it difficult for them to keep up with payments on their loan. As a result, they sought to modify the loan and

received a trial modification from Chase with the understanding that, after Plaintiffs complied with the temporary modification terms, a permanent modification would follow. However, after completing the trial plan, they were not offered the permanent modification. Plaintiffs then filed suit against Chase in July 2010. (*Id.* ¶ 8.)

On August 22, 2013, Plaintiffs and Chase executed a Settlement Agreement and agreed that any unpaid interest and unpaid escrow items would be added to the unpaid principal balance of the loan. This agreement was reduced to a writing which provided that Plaintiffs' new unpaid principal would be $2,450,385.95 beginning in November 2013. "The new unpaid principal balance was purported to be based on the original unpaid principal balance of $1,833,925.29, '$450,840.24 for accrued interest; and $163,548.93 for escrow advances.'" (*Id.* ¶ 9, citing Ex. A, November 2013 Settlement Agreement.)

Shortly after executing the Settlement Agreement, however, Plaintiffs allege that they discovered that the amount Chase had purported to be owed for unpaid interest and escrow advances were inaccurate. Plaintiffs requests an accounting and breakdown of the numbers and Chase sent Plaintiffs a statement dated December 4, 2013, in which Chase indicated repeated charges to Plaintiffs' account for county taxes from 2002 to 2007 and further purported to advance $163,548.93 to cover these costs in November 2007, despite Plaintiffs not having an impound account and having themselves paid all the taxes and fees on their residence for that period. (*Id.* ¶ 10.)

After realizing that the escrow advances which had been added to the Plaintiffs' unpaid principal balance were in error, Plaintiffs sought to determine if the unpaid interest amount that had been added to their loan was also incorrect. Plaintiffs allege that they discovered that, based on the terms of their original loan, the interest rate they should have been charged was approximately 3-4% from 2008 to 2013. Instead, they discovered that Chase had calculated Plaintiffs' interest rate at approximately 7%, resulting in an alleged error in the principal balance amount as well. (*Id.* ¶ 11.)

After discovering these alleged errors, Plaintiffs repeatedly contacted Chase to address the discrepancies without response or explanation. Plaintiffs stopped making payments on the modified loan as they believed the amounts were significantly overcharged. Chase then recorded a Notice of Default on the property on April 10, 2015. In November 2016, Chase caused a Notice of Trustee's

2

Sale to be recorded against Plaintiffs' property. The Notice of Trustee's Sale indicates the principal balance is now $2,786,482.38, approximately $350,000 more than Plaintiffs' principal loan balance was in November 2013 and approximately $1,000,000 more than Plaintiffs' principal loan balance was prior to the November 2013 modification. (*Id.* ¶¶ 11-15.) This lawsuit follows.

The Court shall address additional relevant facts in the remainder of its order.

## ANALYSIS

### A. Legal Standard for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss.

3

In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Court may review matters that are in the public record, including pleadings, orders and other papers filed in court. *See id.*

**B.    Motion to Dismiss Amended Complaint.**

Chase moves to dismiss the First Amended Complaint on the bases that (1) there is no cause of action for reformation; (2) the agreements accurately reflect the true intent of the parties at the time of contracting; and (3) Plaintiffs do not sufficiently state how the agreements should be reformed. The Court shall address each argument in order.

Although Plaintiffs assert that the Settlement Agreement should be reformed to reflect the parties' true intentions, Chase argues that reformation is not by itself a cause of action. Section 3366 of California Civil Code provides that "[w]hen, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised." Cal. Civ. Code § 3366. Reformation of a contract "should allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement. It is necessary to aver facts showing how the mistake was made, whose mistake it was and what brought it about, so that mutuality may appear." *Johnson v. Sun Realty Co.*, 138 Cal. App. 296, 300 (Cal. Ct. App. 1934) (citation omitted).

However, reformation of contract is not an independent cause of action, but rather a remedy for a contract obtained through fraud or mistake at the time of contracting. *See Bhandari v. Capital One, N.A.*, No. 12-04533 PSG, 2013 WL 1736789, at *9 (N.D. Cal. Apr. 22, 2013) (citing *Arreola v. Wells Fargo Home Mortg.,* Case No. 10–3272, 2011 WL 1205249, at *3 (E.D. Cal. Mar. 29, 2011) ("Reformation is not a standalone action and can be granted only where plaintiffs can demonstrate a valid cause of action justifying reformation."); *see also Landis v. Superior Court,* 232 Cal. App. 2d 548, 555 (1965) ("While sometimes referred to as a 'cause of action,' reformation is merely one of several remedies for a single wrong.").

Because reformation is not an independent cause of action, Chase's motion dismiss is GRANTED with leave to amend. Provided such a cause of action could be alleged, Plaintiffs are

4

given leave to allege a standalone cause of action pursuing reformation as a remedy for fraud, unilateral mistake, or mutual mistake.

Second, Chase argues that the terms of the settlement agreement accurately reflect the true intent of the parties at the time of contracting. Chase contends that the in-court settlement conference and the Loan Modification Agreement and Settlement Agreement all set out the specific terms of the parties' agreement. Chase argues that the specific details of the amounts of the principal balance, which included accrued interest and escrow advances, was understood between the parties at the time of contracting. However, Plaintiffs contend that although the parties agreed upon the principles embodies in the settlement agreement, the specific figures inserted for the amounts owed for unpaid interest and escrow advances as well as the loan interest rate, had been miscalculated and were in excess of what was actually owed under the parties' agreement. The Court finds that at this procedural posture, the allegations are sufficient that the Plaintiffs contest the amounts owing based on a claim of unilateral or mutual mistake of the parties leading to a written contract that does not truly express their true intentions. Accordingly, should Plaintiffs be able to amend to state an independent cause of action for which reformation is a remedy, they may pursue such a remedy.

Lastly, Chase argues that Plaintiffs do not sufficiently state with particularity how the agreements should be reformed. In response, Plaintiffs argue they are not required to specify further than that the amounts owing should be reformed to reflect the correct new accrued interest and escrow advances based on actual figures. In addition, Plaintiffs state that should they be given leave to amend, they could allege what "the true figures that were owed should have been." (Reply at 6.) Because the Court has determined that the first amended complaint must be dismissed with leave to amend, Plaintiffs are given leave to allege the true figures in their second amended complaint.

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS Chase's motion to dismiss. The Court provides Plaintiffs with leave to amend. Plaintiffs shall file an amended complaint, if any, within twenty days of the date of this Order. If Plaintiff files an amended complaint in accordance with this
///

Order, Chase shall file its response within twenty days of service of the amended complaint.

**IT IS SO ORDERED.**

Dated: November 21, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE